MARY DEAN & others *vs:* WILLIAM C. PLUNKETT & others.

Berkshire.    Nov. 13, 1883. — Jan. 22, 1884.    C. ALLEN & HOLMES, JJ.,
                                    absent.

If a partnership so entrusts goods belonging to it to an agent as to enable him to deal with them as his own, a person who, in ignorance of his agency, buys such goods of him under an agreement by which they are to be paid for by accounting to a third person, is not liable to an action by the partnership for the price of the goods.

A partnership consisting of A. and his son was dissolved by the death of A. His son continued to carry on the business as surviving partner and as administrator with the will annexed of his father's estate. Subsequently, the firm property was transferred to the widow and some of the next of kin of A., who appointed the son as their agent. He continued to carry on the business under the original firm name, and had entire charge and control of the business, but gave no notice of the new partnership. While so acting as agent, he sold goods of the partnership to B., who agreed to pay for them by accounting to C. therefor, to whom the estate of A. was indebted. After this contract was made, B. was informed of the fact of the existence of the new partnership. *Held*, that an action by this partnership against B., for the price of the goods, could not be maintained, although B. had not fully accounted to C.

CONTRACT, upon an account annexed, to recover $1608.91, and interest, for goods sold and delivered. The case was referred to an auditor, upon whose report, as an agreed statement of facts, it was submitted to the Superior Court, which found and ordered judgment for the plaintiffs in the sum of $119.91; and the plaintiffs appealed to this court. The facts appear in the opinion.

*N. H. Bixby*, for the plaintiffs.
*M. Wilcox*, for the defendants.

DEVENS, J. In *Locke* v. *Lewis*, 124 Mass. 1, the authorities, which were found to be to some extent conflicting, were carefully examined; and it was held that a sale by a partner, in payment of his own debt, of goods which were in fact the goods of the partnership, but which the partnership had so entrusted to him as to enable him to deal with them as his own, and to induce the public to believe them to be his, and which the creditor received in good faith and without notice that they were the goods of the partnership, was valid against the partnership and its creditors. No distinction in favor of a partnership can be made where such a transaction is the act of an agent who is not a partner, to whom goods have been similarly entrusted, as the case rests upon the principles of agency. "All the authorities agree," says Chief Justice Gray, "that when a person, entrusted with goods as agent, sells them to one who has no knowledge that he is agent, but is led to believe, from the manner in which he has been allowed to deal with the goods, that they are his, the other party to the transaction may set off against the principal a debt of the agent." 124 Mass. 7.

The principle thus established goes far in disposing of the case at bar. The plaintiffs are the widow and two of the children of Horatio N. Dean, who, in company with another child, his son Ransom B. Dean, had carried on business at Adams under the name and style of H. N. Dean and Son. Upon the decease of Horatio N. Dean, in August, 1872, Ransom B. Dean, who was also the administrator of his estate with the will annexed, continued the business, under the same name and style, as surviving partner, for the benefit of himself and those interested in his father's estate. The defendants, who, at some time prior to June, 1877, made the contract with him by which they bought the goods the price of which is sought to be recovered in this action, believed that he was in reality, as in appearance, then carrying on said business, as he had done for the first few months, as surviving partner, for the benefit of those interested in the estate. In fact, an arrangement had been made in 1875, by which the plaintiffs had agreed to continue and prosecute the business at Adams as copartners under the name of H. N. Dean and Son, which was the name and style of the original firm, and had constituted Ransom B. Dean their

agent and attorney to conduct it. There was no intentional concealment of these circumstances, but no public notice of them was given; and the finding of the auditor necessarily determines that they were unknown to the defendants when they made their agreement with Ransom B. Dean, and when they received from him the disputed items of the account in suit. There were certain items delivered to the defendants before this agreement, their liability for which the defendants do not dispute, and which are not here considered.

The plaintiffs, assuming the name and style of the old firm, under which, as surviving partner, Ransom B. Dean was entitled to and had carried on the business, neglecting to give notice of their purchase of or interest in it, entrusting to him all the property and its management, (they residing elsewhere and without the State,) and permitting him in appearance to continue to conduct the business as surviving partner, cannot compel those who honestly purchased goods of him as such, and in ignorance of his agency, to pay or account for them except in the manner agreed upon with him.

The defendants were interested, as members of the Adams and Cheshire Reservoir Company, that H. N. Dean and Son should pay to it certain assessments made upon them, and, suit having been brought to enforce them, agreed with Ransom B. Dean that they would continue to deal with him and receive goods to the amount of $1500, and would account and pay for the same to the reservoir company, indemnifying Ransom B. Dean and the estate of his father from further assessment by or liability to that company, and, under this agreement, received goods to this amount. The reservoir company has in no way refused or indicated any unwillingness to be satisfied with this; the defendants have paid to it $757.52, and have at all times been ready to pay the balance to the company. They received the goods on the faith that payments should be made as stipulated, and were interested that it should be so made. It is not an answer to say that they will suffer no injury, if, now that the agency is disclosed, they simply pay to the plaintiffs the fair price of the goods. The contract having been performed by the delivery of the goods, they are entitled to the benefit they may incidentally derive from payment in the manner

agreed, and it may well be that, but for this, they would never have made the purchases.

The arrangement of the defendants was made through D. D. Wheeler, (originally one of them, but now deceased,) Wheeler and L. L. Brown having been appointed a committee by the reservoir company to settle with delinquent parties, and it now appears that Brown knew of the agency of Ransom B. Dean. This knowledge of Brown is not important, as he was no party to the contract which the defendants made. He did not communicate it until some time afterwards, but when does not appear. It cannot be inferred (the agreement having been made in ignorance of it) that it was so communicated before all the goods were delivered, especially in view of the fact that it has been found by the auditor that the defendants, " without negligence and in good faith, dealt with said Ransom B. Dean as one having the legal control of the goods sued for, with authority to apply them according to said agreement in settlement of said suit of Wheeler against Dean, administrator, and that they were justified in so dealing." Brown's knowledge, communicated to the defendants after the goods had been received by them under their agreement, could not deprive them of the right to pay for them according to the agreement.

Whether the price of goods which were, according to all the evidence, purchased upon a special contract between the defendants and Ransom B. Dean, could, in any view of the case, be recovered upon a simple count for goods sold and delivered, it is not important to consider.          *Judgment affirmed.*