CHARLES A. MUNROE *vs.* GEORGE I. WHITEHOUSE.

Androscoggin.    Opinion April 3, 1897.

*Exceptions.    Set-Off.*

It is incumbent on an excepting party to show affirmatively, from the facts reported, that the ruling complained of is erroneous.

An excepting party must present enough of the case to enable the court to determine not only that the ruling may be erroneous, but that it is so.

When a person intrusted with goods as agent, sells them to one who has no knowledge that he is agent, but is led to believe from the manner in which he has been allowed to deal with the goods that they are his, the other party may offset against the principal a debt of the agent. But, *it is otherwise,* when the defendant appears to have hired the property of one who was not

the plaintiff's general agent, who, for aught that appears, not only had neither possession nor ownership of the property, nor any authority whatever to deal with it, but one who had never in any manner been held out by the plaintiff as having any interest in or control over the property or any right to make contracts in relation to it.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*Geo. C. Wing*, for plaintiff.

*Tascus Atwood*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

WHITEHOUSE, J. The plaintiff recovered a verdict for ninety dollars for the use of a boiler and engine owned by him.

At the trial the defendant offered testimony tending to prove that in hiring the boiler and engine in question he dealt with one E. Y. Turner supposing him to be the principal, and that he had no dealings whatever with the plaintiff. He also proposed to introduce evidence to show that Turner was indebted to him in a sum larger than the amount due for the use of the boiler and engine, and claimed the right to offset this indebtedness from Turner against the plaintiff's claim in suit.

The presiding justice excluded the evidence, the reason for the ruling being stated as follows: "He cannot avail himself of the right of a set-off here when there is no set-off to defeat the rights of the owner of the article. My ruling goes no further than this, that it is no defense to this suit to show that there is an unsettled account between Mr. Whitehouse and Mr. Turner."

To this ruling the plaintiff excepted.

It is incumbent on the excepting party to show affirmatively from the facts reported that the ruling complained of was erroneous.

He must present enough of the case to enable the court to determine not only that the ruling may have been erroneous but that it was so. *Harvey* v. *Dodge*, 73 Maine, 316 ; *Bradstreet* v. *Rich*, 74 Maine, 303.

In the case at bar there is no evidence whatever that E. Y.

Turner, with whom the defendant claims to have dealt, in hiring the boiler and engine had either the possession or any other indicia of ownership of the property at the time of the hiring. There is no suggestion that the defendant's misapprehension in regard to the ownership was induced in the slightest degree by any act or declaration of the plaintiff; nor is there any pretense that Turner assumed to make any agreement that the use of the boiler and engine should be appropriated in satisfaction of the defendant's account against him. It is expressly stated, however, that "there was no evidence offered to show that Turner was acting as the agent of the plaintiff."

Here then is a case where the defendant in some way obtained possession of the plaintiff's property and used it as charged in the writ, under an alleged contract with one who was not the plaintiff's general agent, who for aught that appears, not only had neither possession nor ownership of the property, nor any authority whatever in fact to deal with it, but one who had never in any manner been held out by the plaintiff as having any interest in, or control over, the property, or any right to make contracts in relation to it.

The authorities are undoubtedly agreed that " when a person intrusted with goods as agent, sells them to one who has no knowledge that he is agent, but is led to believe from the manner in which he has been allowed to deal with the goods, that they are his, the other party may set off against the principal a debt of the agent." *Locke* v. *Lewis*, 124 Mass. 1; *Dean* v. *Plunkett*, 136 Mass. 195 ; *Traub* v. *Milliken*, 57 Maine, 63, and cases cited.

But it is manifest that the case at bar discloses no facts to which this principle can be safely or equitably applied. It is not affirmatively made to appear that the ruling was erroneous, but upon the facts stated it satisfactorily appears that the ruling was correct.

*Exceptions overruled.*